UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

99-0476 CR-DAVIS

Case No. _____

18 USC 371
18 USC 2314     MAGISTRATE JUDGE
18 USC 2315     BROWN
18 USC 4
18 USC 2

UNITED STATES OF AMERICA

v.

MICHAEL KAPELUSHNIK,
    a/k/a "Michael Kapel,"
ALEXANDER VOLIS,
    a/k/a "Alex Kline," and
DIANA SAMAKH.
_____/

### INDICTMENT

The Grand Jury charges that:

### COUNT 1
(Conspiracy)

From around the middle of April, 1999, the exact date being unknown to the Grand Jury, to on or about May 6, 1999, at Miami, Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**MICHAEL KAPELUSHNIK,**
a/k/a "Michael Kapel," and
**ALEXANDER VOLIS,**
a/k/a "Alex Kline,"



did knowingly and willfully combine, conspire and agree with each other and with persons known and unknown to the Grand Jury to commit an offense against the United States, that is, to receive, possess and sell stolen goods of the value of $5,000 or more which had crossed a State boundary after being stolen, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2314.

## Purpose of the Conspiracy

It was the purpose of the conspiracy for the conspirators to enrich themselves by stealing valuable rare coins, transporting them to Florida and New York, and selling them.

## Manner and Means of the Conspiracy

It was part of the conspiracy that conspirators traveled to a rare coin show in Milwaukee, Wisconsin and identified certain valuable rare coins to steal. Waiting for an opportunity to steal the coins, conspirators followed the owner of the coins from Wisconsin, through Iowa, and finally to the victim's home in Omaha, Nebraska. There, conspirators stole the coins from the victim's car. Conspirators then transported the coins to Hollywood, Florida and New York, New York. In those cities, conspirators sold some of the stolen coins to unsuspecting rare-coin dealers.

## Overt Acts

In furtherance of this conspiracy, and in order to achieve its purpose, one or more of the conspirators committed at least one of the following overt acts in the Southern District of Florida and elsewhere:

1. On or about April 22, 1999, from Miami, Florida, defendant MICHAEL KAPELUSHNIK wire-transferred $650.00 through Western Union to defendant ALEXANDER VOLIS, in Brooklyn, New York.

2. On or about April 23, 1999, defendant MICHAEL KAPELUSHNIK traveled on Delta Airlines from Miami, Florida to Milwaukee, Wisconsin, where the Central States Coin Show was underway and being attended by Thomas Reynolds, a dealer in valuable rare coins.

3. On or about April 25, 1999, at Milwaukee County, Wisconsin, defendant MICHAEL KAPELUSHNIK, driving a rented car, followed Thomas Reynolds after Reynolds left the Central States Coin Show with several cases of valuable rare coins.

4. On or about April 25, 1999, at Delavan, Wisconsin, defendant MICHAEL KAPELUSHNIK stopped at a Mobil Mart gas-station store located within sight of a Taco Bell restaurant where Thomas Reynolds had stopped.

5. On or about April 25, 1999, at Coralville, Iowa, defendant MICHAEL KAPELUSHNIK stopped at the Quicktrip gas-station store where Thomas Reynolds had stopped.

6. On or about April 25, 1999, at Omaha, Nebraska, conspirators stole valuable rare coins from Thomas Reynolds' car while it was parked outside of Reynolds' house.

7. On or about April 26, 1999, defendant MICHAEL KAPELUSHNIK drove back to Milwaukee, Wisconsin.

8. On or about April 26, 1999, defendants MICHAEL KAPELUSHNIK and ALEXANDER VOLIS traveled on the same Delta Airlines airplane, booked in adjacent seats, returning from Milwaukee, Wisconsin to Miami, Florida.

9. On or about April 27, 1999, at Hollywood, Florida, defendant MICHAEL KAPELUSHNIK purchased coin "flips," which are special envelopes used to hold and display rare coins.

10. From on or about April 28, 1999 through on or about May 3, 1999, at Hollywood, Florida, defendant MICHAEL KAPELUSHNIK sold approximately 100 of the valuable rare coins that had recently been stolen from Thomas Reynolds.

11. On or about May 4, 1999, at New York, New York, defendant ALEXANDER VOLIS sold approximately six valuable rare coins that had recently been stolen from Thomas Reynolds.

12. On or about May 6, 1999, at New York, New York, defendant ALEXANDER VOLIS attempted to sell approximately 19 valuable rare coins that had recently been stolen from Thomas Reynolds.

13. On or about May 6, 1999, at Hollywood, Florida, defendant MICHAEL KAPELUSHNIK attempted to sell approximately two dozen valuable rare coins that had recently been stolen from Thomas Reynolds.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(Transportation of Stolen Goods)

On or about April 26, 1999, at Miami International Airport, Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**MICHAEL KAPELUSHNIK,**
a/k/a "Michael Kapel," and
**ALEXANDER VOLIS,**
a/k/a "Alex Kline,"

did unlawfully transport in interstate commerce from Milwaukee, Wisconsin to Miami, Florida, stolen goods of the value of $5,000 or more, that is, valuable rare coins that had been stolen from Thomas Reynolds on April 25, 1999, knowing the

5

same to have been stolen; in violation of Title 18, United States Code, Sections 2314 and 2.

## COUNT 3
(Sale of Stolen Goods)

On or about May 3, 1999, at Hollywood, Broward County, in the Southern District of Florida, the defendant,

**MICHAEL KAPELUSHNIK,**
**a/k/a "Michael Kapel,"**

did sell stolen goods of the value of $5,000 or more which had crossed a State boundary after being stolen, that is, valuable rare coins which had been stolen from Thomas Reynolds on April 25, 1999 in Omaha, Nebraska and transported to the State of Florida, knowing the same to have been stolen; in violation of Title 18, United States Code, Section 2315.

## COUNT 4
(Possession of Stolen Goods)

On or about May 4, 1999, at Miami, Florida, in the Southern District of Florida, and elsewhere, the defendant,

**ALEXANDER VOLIS,**
**a/k/a "Alex Kline,"**

did possess stolen goods of the value of $5,000 or more which had crossed a State boundary after being stolen, that is, valuable rare coins which had been stolen from

Thomas Reynolds on April 25, 1999 in Omaha, Nebraska and transported to the State of New York, knowing the same to have been stolen; in violation of Title 18, United States Code, Section 2315.

## COUNT 5
(Misprision of a Felony)

On or about May 6, 1999, at Hollywood, Broward County, in the Southern District of Florida, the defendant,

### DIANA SAMAKH,

having knowledge of the actual commission of a felony cognizable by a court of the United States, namely, possession of stolen property, did conceal the commission of that felony by carrying away and concealing a green suitcase containing 146 valuable rare coins that had recently been stolen from Thomas Reynolds, as well as 130 one-ounce gold bullion coins and $27,285 in United States currency, and did not as soon as possible make known the commission of that felony to some judge or

other person in civil authority under the United States; in violation of Title 18, United States Code, Section 4.

A TRUE BILL.

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
MICHAEL TEIN
ASSISTANT UNITED STATES ATTORNEY

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA     CASE NO. _____

v.                           **CERTIFICATE OF TRIAL ATTORNEY***

MICHAEL KAPELUSHNIK, et al   99-00476-CR-DAVIS

Superseding Case Information:

**Court Division:** (Select One)

New Defendant(s)          Yes ___  No ___
Number of New Defendants  ___
Total number of counts    ___

x  Miami    ___ Key West
___ FTL     ___ WPB    ___ FTP

MAGISTRATE JUDGE
BROWN

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No) NO
   List language and/or dialect _____

4. This case will take  5  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                            (Check only one)

   I    0 to 5 days      X      Petty      ___
   II   6 to 10 days     ___    Minor      ___
   III  11 to 20 days    ___    Misdem.    ___
   IV   21 to 60 days    ___    Felony     X
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No) NO
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) NO
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) NO

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes  X  No   If yes, was it pending in the Central Region? ___ Yes ___ No

                                    _____
                                    MICHAEL R. TEIN
                                    ASSISTANT UNITED STATES ATTORNEY
                                    Florida Bar No. 993522

*Penalty Sheet(s) attached                                    REV.4/7/99

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name: MICHAEL KAPELUSHNIK        No:

Count #: 1      99-00476 CR-DAVIS

Title 18, United States Code, Section 371

MAGISTRATE JUDGE

CONSPIRACY                              BROWN

*Max. Penalty: 5 Years' Imprisonment
Count #: 2

Title 18, United States Code, Section 2314 and 2

TRANSPORTATION OF STOLEN GOODS

*Max Penalty: 10 Years' Imprisonment
Count # : 3

Title 18, United States Code, Section 2315

SALE OF STOLEN GOODS

*Max. Penalty: 10 Years' Imprisonment
Count #:


*Max. Penalty:
Count #:


*Max. Penalty:
Count #:


*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: ALEXANDER VOUS

No: 99-00476-CR-DAVIS

Count #: 1

Title 18, United States Code, Section 371

CONSPIRACY

MAGISTRATE JUDGE BROWN

*Max. Penalty: 5 Years' Imprisonment

Count #: 2
Title 18, United States Code, Section 2314 and 2

TRANSPORTATION OF STOLEN GOODS

*Max Penalty: 10 Years' Imprisonment

Count # : 4
Title 18, United States Code, Section 2315

POSSESSION OF STOLEN GOODS

*Max. Penalty: 10 Years' Imprisonment

Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: DIANA SAMAKH          No.:

Count #: 5          99-00476CR-DAVIS

Title 18, United States Code, Section 4

MISPRISION OF A FELONY     MAGISTRATE JUDGE
                            BROWN

*Max. Penalty: 3 Years' Imprisonment
Count #:


*Max Penalty:
Count # :


*Max. Penalty:
Count #:


*Max. Penalty:
Count #:


*Max. Penalty:
Count #:


*Max. Penalty:
Count #:


*Max. Penalty:
**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

No. 993-McN00q3

FORM 13BD-34
JUN. 85

99-00476-CR-DAVIS MAGISTRATE
BROWN

# UNITED STATES DISTRICT COURT

SOUTHERN District of FLORIDA

CRIMINAL _____ Division

## THE UNITED STATES OF AMERICA

vs

MICHAEL KAPELJUSHNIK,
a/k/a "Michael Kapel",
ALEXANDER VOLIS and
DIANA SAMAKH

## INDICTMENT

18 USC 371
18 USC 2314
18 USC 2315
18 USC 4
18 USC 2

A true bill.

_Marsha Ann Marshis_
Foreman

Filed in open court this 8 day
of July A.D 19 99

_____
Clerk

Bail. $